# EXHIBIT A





U.S. POSTAGE >> PITNEY BOWES

ZIP 40202  **$ 007.67**[0]
02 1W
0001376043 MAR 23 2016

DAVID L. NICHO...
JEFFERSON COU...
CIRCUIT COURT DIVISION
LOUIS D. BRANDEIS HALL OF JUSTICE
600 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202



7015 3430 0001 2056 8373

**CT CORPORATION**
**306 W. MAIN ST., SUITE 513**
**FRANKFORT, KY 40601-1840**
16-c1- 001342

David L. Nicholson, Jefferson Circuit Clerk

600 West Jefferson Street

Louisville, KY 40202-4731

C T CORPORATION SYSTEM
306 W MAIN STREET
SUITE 512
FRANKFORT, KY 40601



# KCOJ eFiling Cover Sheet

Case Number: 16-CI-001342

Envelope Number: 141524

Package Retrieval Number: 141524881138@00000773299

Service by: Certified Mail

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package : 000001 of 000009

Page 1 of 1                                       Generated: 3/22/2016 2:01:54 PM

| AOC-E-105      Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **16-CI-001342**<br>Court:    **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **WILSON, ALEXANDER   VS. TRANSWORLD SYSTEMS, INC.,** *Defendant*

TO:  **C T CORPORATION SYSTEM**

     **306 W MAIN STREET**

     **SUITE 512**

     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:
**TRANSWORLD SYSTEMS, INC.**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                        /s/ David L. Nicholson, Jefferson Circuit Clerk

                                        Date: **03/22/2016**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____

                                                 _____
                                                 Served By

                                               _____
                                                   Title

Summons ID: 141524881138@00000773299
CIRCUIT: 16-CI-001342 Certified Mail
WILSON, ALEXANDER   VS. TRANSWORLD SYSTEMS, INC.



**e**Filed

Package : 000002 of 000009

CASE NO. _____

JEFFERSON CIRCUIT COURT
DIVISION_____
JUDGE _____

ALEXANDER WILSON                                                  Plaintiff

v.

TRANSWORLD SYSTEMS, INC.                                          Defendant

**SERVE:**
C T Corporation System
306 W Main St.
Suite 512
Frankfort, KY 40601

---

## COMPLAINT

---

The Plaintiff, Alexander Wilson, by counsel, for his Complaint against Defendant, Transworld Systems, Inc., states as follows:

### INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "*FDCPA*"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

### JURISDICTION AND VENUE

1.      Plaintiff Alexander Wilson is a resident of Louisville, Jefferson County, Kentucky.

Package : 000003 of 000009

2.      Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

3.      Defendant Transworld Systems, Inc., is a California corporation with an office at 507 Prudential Road, Horsham, Pennsylvania.

4.      At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

5.      Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

6.      This Court has jurisdiction over this case pursuant to Ky. Const. § 112(5) and KRS 23A.010(1).

7.      Venue is proper in this Court because the Defendant transacts business in this county, Plaintiff is a resident of this county, and the conduct complained of occurred here.

**8.**      Plaintiff Alexander Wilson seeks damages in excess of the minimum dollar amount necessary to establish jurisdiction in this Court.

## FACTS

9.      Or about January 12, 2016, Defendant sent a letter to Plaintiff via the mails wherein it sought to collect a consumer debt on behalf of HCR Manor Care Services, LLC, in the amount of $8,326.73, relating to an account of Plaintiff's late father, Holman Wilson.

10.      On information, Defendant included a bar code visible on the outside of the envelope for the January 12, 2016 letter that contained information about the debt.

2

Package : 000004 of 000009

11.     The January 12, 2016 letter was Defendant's "initial communication" regarding the debt, as said term is contemplated by the FDCPA.

12.     Plaintiff was not personally liable for the debt, which was his late father's.

13.     On information, in the January 12, 2016 letter, Defendant misrepresented the amount of the debt and sought to collect interest, fees, and other charges that were not authorized by the agreement creating the debt or otherwise permitted by law.

14.     On or about January 28, 2016, Defendant caused Plaintiff's telephone to ring. In connection with this phone call, Defendant did not disclose that it was a debt collector.

15.     On or about February 1, 2016, Plaintiff's counsel sent Defendant a letter wherein Plaintiff disputed the validity of the debt and requested the name and address of the original creditor.

16.     On or about February 2, 2016, Defendant caused Plaintiff's telephone to ring. During this phone call, Defendant did not identify itself as a debt collector.

17.     On or about February 4, 2016, Defendant called Plaintiff's telephone and spoke with him about the debt. In connection with this phone call, Defendant's representative, who identified herself as "Veronica," repeatedly requested Plaintiff to verify his address, despite Plaintiff's inquiries about the caller's identity, the debt and the reason for the call.

18.     On or about February 9, 2016, Defendant caused Plaintiff's telephone to ring. In connection with this phone call, Defendant did not identify itself as a debt collector.

19.     As a result of the Defendant's conduct, as herein alleged, Plaintiff has been damaged, entitling him to pursue a private cause of action against Defendant for actual and statutory damages, plus attorney's fees and costs.

Package : 000005 of 000009

3

## COUNT I
## VIOLATION OF THE FDCPA

20.     Defendant's representations to Plaintiff regarding the debt were materially false, deceptive, and/or misleading, in violation of 15 U.S.C. § 1692e.

21.     In its letter and phone call, Defendant misrepresented the character, amount, and legal status of the debt, and falsely implied that: (a) the debt was valid, due and owing; and (b) that Plaintiff was personally obligated to pay the debt of his father.

22.     Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia,* seeking to collect amounts from Plaintiff that were not authorized by agreement or permitted by law. 15 U.S.C. § 1692f(1).

23.     Within thirty (30) days after receiving written notice of the debt from Defendant, Plaintiff, by counsel, notified Defendant in writing that he disputed the alleged debt and that he was represented by counsel.

24.     Notwithstanding Plaintiff's written dispute, Defendant failed to obtain and mail a verification of the debt to Plaintiff, but instead, continued to collect the alleged debt, by, *inter alia*, causing Plaintiff's telephone to ring and engaging Plaintiff in abusive conversation, in violation of 15 U.S.C. § 1692g(b).

25.     In connection with the collection of the debt, Defendant contacted Plaintiff directly about the debt, knowing that Plaintiff was represented by counsel, in violation of 15 U.S.C. § 1692c(a)(2).

26.     In connection with the collection of the debt, Defendant communicated with a third-party, Plaintiff, about the debt, in violation of 15 U.S.C. § 1692c(b).

Package : 000006 of 000009

4

27.     In connection with the collection of the debt, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff, by, *inter alia*, causing Plaintiff's telephone to ring and engaging Plaintiff in conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff, without meaningfully disclosing its identity, in violation of 15 U.S.C. § 1692d; 15 U.S.C. § 1692d(5) and (6).

28.     Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

29.     With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

30.     Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT II
## INTENTIONAL OR NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS

31.     Defendant's conduct as herein alleged was intentional, reckless, or negligent.

5

Package : 000007 of 000009

32.     Defendant's conduct was so outrageous and intolerable so as to offend generally accepted standards of morality and decency.

33.     Defendant's conduct as herein alleged was a cause of Plaintiff's emotional distress.

34.     Plaintiff's emotional distress was severe.

35.     At law, Plaintiff is entitled to an award of compensatory damages against the Defendant.

36.     Pursuant to KRS 411.184(2), Plaintiff is entitled to an award of punitive damages against the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alexander Wilson, by counsel, demands relief against the Defendant, Transworld Systems, Inc., as follows:

A.      Entry of a Judgment against Defendant to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

B.      Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C.      Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D.      Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E.      Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject

6

Package : 000008 of 000009

Filed          16-CI-001342   03/22/2016          David L. Nicholson, Jefferson Circuit Clerk

debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

F.     An award of attorneys' fees and costs herein incurred.

G.     Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
9900 Corporate Campus Drive
Suite 3000
Louisville, Kentucky 40223
Phone | Fax: (502) 822-2500
ztaylor@taylorlawcenter.com

*Counsel for Alexander Wilson*

Package : 000009 of 000009

Filed          16-CI-001342   03/22/2016          David L. Nicholson, Jefferson Circuit Clerk